UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| ANNA HOLLIFIELD,<br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br>    Defendant. | Civil Action No. 1:08-CV-71 |

## CONSENT ORDER WITH REMAND
## PURSUANT TO SENTENCE FOUR OF 42 U.S.C. SECTION 405(g)

**THIS MATTER** is before the Court on the Commissioner's motion, pursuant to sentence four of 42 U.S.C. section 405(g), for the Court to enter a judgment reversing the Commissioner's decision with a remand to the Commissioner for further administrative proceedings. Plaintiff has consented to the relief sought.

Upon remand to the Commissioner, the administrative law judge will be instructed to obtain evidence from a vocational expert to clarify the impact of Plaintiff's non-exertional limitations on the sedentary occupational base and determine whether Plaintiff can perform other work that exists in significant numbers in the national or regional economy.

Pursuant to the power of this Court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in Social Security actions under sentence four of 42 U.S.C. section 405(g), and in light of the Commissioner's and Plaintiff's request to remand this action for further proceedings,

**IT IS, THEREFORE, ORDERED** that the consent motion is **ALLOWED**, and the Court hereby **REVERSES** the Commissioner's decision under sentence four of 42 U.S.C. section 405(g), and the case is hereby **REMANDED** to the Commissioner for further

proceedings. *See Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

The Clerk of the Court will enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure. As there remains no justiciable dispute pending between the parties, upon the Clerk's entry of judgment, the Court's jurisdiction over this case shall terminate except for purposes of consideration and determination of motions for attorney's fees, including any motion for such fees under the Equal Access to Justice Act ("EAJA"). Plaintiff shall have thirty (30) days from final judgment in which to file any motion for attorney's fees under EAJA in this matter.

Signed: February 10, 2009

Lacy H. Thornburg
United States District Judge